# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARLON MINTER (#M-24371), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 7210 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| OFFICER PHILIPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants, correctional officials at the Cook County Jail, violated his constitutional rights by using unjustified force against him. This matter is before the Court for ruling on the defendants' motion for summary judgment on grounds of non-exhaustion of administrative remedies. For the reasons stated in this order, the motion is granted.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univ. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The Court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

To survive summary judgment, the nonmoving party must make a sufficient showing of evidence for each essential element of its case on which it bears the burden at trial. *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936-937 (7th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-23). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Blythe Holdings, Inc. v. DeAngelis*, 750 F.3d 653, 656 (7th Cir. 2014) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010) (quotation omitted).

## LOCAL RULE 56.1 (N.D. ILL.)

Together with their motion for summary judgment, defendants included a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment," as required by the Court's Local Rules and circuit precedent. That notice explained in detail the requirements of the Local Rules governing summary judgment and warned plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).[1]

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific

---

[1] Another judge of this district admonished plaintiff about summary judgment requirements only a few months ago in connection with one of his other federal lawsuits. (*See* Mem. Opinion & Order at 2-5, *Minter v. Ollins*, No. 13 C 5851 (N.D. Ill. Sept. 25, 2014) (Gottschall, J.).)

references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing L.R. 56.1(b)(3)(B)). Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that requires the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon to support the statement of additional facts. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008).

The district court may rigorously enforce Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir 2000). Local Rule 56.1 "is designed, in part, to aid the district court, which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information, in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (quotation omitted).

"When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013). In addition, district courts, in their discretion, may "choose[] to ignore and not consider the additional facts that a litigant has proposed" if the litigant fails to comply with Local Rule 56.1. *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809-10 (7th Cir. 2005) (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995)).

Although *pro se* plaintiffs are entitled to some leniency, their compliance with procedural rules is still required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have . . . repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1." *Cichon*, 401 F.3d at 809.

3

Despite defendants' admonitions and the controlling law, plaintiff failed to file the required Rule 56.1 statements.

More troubling, plaintiff's summary judgment materials conflict with both his prior submissions and prior deposition testimony. As will be discussed more fully *infra*, litigants cannot create "sham issues of fact" with evidence that contradicts their sworn depositions. *Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356, 362 (7th Cir. 2009). Thus, plaintiff cannot now put forward a different, inconsistent account of his efforts to exhaust.

## FACTS[2]

At the time of the events giving rise to this lawsuit, plaintiff was a detainee in the custody of the Cook County Department of Corrections. (1st Am. Compl. ¶ 2.) Defendants were all Cook County Sheriff's Deputies, assigned to the Jail during the relevant time period. (*Id.* ¶ 6.)

On September 5, 2011, there was a disturbance at the jail involving two inmates. (*Id.* ¶¶ 12-15.) Plaintiff maintains that he was standing "passively" in the vicinity of the fight when one of the officers "indiscriminately" sprayed mace into his eye. (*Id.* ¶¶ 16-17.) When plaintiff tried to get away from the fracas, he was mistaken for one of the participants and an officer ordered him to get down on the ground. (*Id.* ¶¶ 18, 20.) After plaintiff complied with the order, he was handcuffed and dragged to an area outside the cellblock. (*Id.* ¶¶ 22-24.) One of the officers allegedly struck plaintiff with a pair of handcuffs; then the rest of the officers beat him until he lost consciousness. (*Id.* ¶¶ 25-28.)

---

[2]The Court accepts these facts, which are asserted in defendants' LR 56.1(a) statement, as true to the extent they are supported by the record.

About eleven days after this incident, plaintiff filed a grievance accusing the officers of having used unjustified force. (*Id.* ¶ 17.) The grievance was rejected because plaintiff had failed to provide the date of the incident or name the personnel involved. Plaintiff therefore submitted a second grievance on September 28, 2011, which was treated as timely and triggered an investigation by the Jail's Office of Professional Responsibility.[3] (*Id.* ¶¶ 18-19, 21.)

On October 17, 2011, plaintiff was transferred to the custody of the Illinois Department of Corrections to serve a twenty-three-year prison sentence for armed robbery. (*See* Defs.' Ex. A, Pl.'s Dep. at 32-33, 38-39.)

On October 20, 2011, a jail official rendered a decision on plaintiff's grievance. (Defs.' Ex. D, Mueller Aff. ¶ 22.) Because, by that time, plaintiff was incarcerated at IDOC's Stateville Correctional Center, the Jail's Deputy Director of Inmate Services mailed the response to him at that facility. (*Id.* ¶ 20.) During his deposition, as well as in his response to defendants' summary judgment motion, plaintiff acknowledged receiving the response to his grievance. (*See* Defs.' Ex. A, Pl.'s Dep. at 175.) Cook County Department of Corrections' records show that plaintiff did not appeal that grievance. (Defs.' Ex. D, Mueller Aff. ¶ 26.)

The Cook County Department of Corrections has established a grievance procedure that is available to all inmates. (*Id.* ¶ 3.) The inmate grievance process requires an inmate to properly file a grievance within 15 days of the alleged "grievable offense." (*Id.* ¶ 5.) Any appeal must be filed within fourteen days of the response. In the event that an inmate is transferred to a state correctional facility, the grievance may be filed via U.S. Mail. (*Id.* ¶ 26.) Plaintiff was familiar with inmate

---

[3]The record does not reflect the results of the investigation.

grievance procedures at Cook County Jail, having filed "numerous" grievances concerning a broad range of issues while he was confined there. (*Id.* ¶ 17.)

## ANALYSIS

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *see Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011); *Jones v. Bock*, 549 U.S. 199, 204 (2007). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Howard v. Maselko*, No. 11 C 9278, 2013 WL 1707955, at *2 (N.D. Ill. Apr. 19, 2013) (Kocoras, J.). Defendant bears the burden of pleading and proving failure to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (citing *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006)).

To satisfy the PLRA's exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). An inmate must comply with the rules established by the State with respect to the form, timeliness, and content of grievances. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002). "Administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals." *Worthem v. Boyle*, 404 Fed. App'x 45, 46 (7th Cir. 2010) (citing *Ford*, 362 F.3d at 398-400; *Dixon v. Page*, 291 F.3d 485, 490-91 (7th Cir. 2002)). If a prisoner fails to properly avail himself of a jail's grievance

process, he may lose his right to sue. *Massey*, 196 F.3d at 733; *Howard*, 2013 WL 1707955, at *2.

When plaintiff filed suit in September 2012, he attached a copy of his grievance to his complaint. The grievance reflects that the matter was referred to the Office of Professional Responsibility and that the response to the grievance was "mailed to [the plaintiff in care of] IDOC." (*See* Compl.) The portion of the grievance form used to request an appeal is blank. (*Id.*) Because the grievance form consists of carbon copies (*see* Defs.' Ex. A, Pl.'s Dep. at 180), plaintiff would have been able to keep a copy of the form showing that he requested an appeal. He was, however, unable to produce such a document, and the Deputy Director of Inmate Services for Cook County Department of Corrections testified that the Department has no record of such an appeal. (*See* Defs.' Ex. D, Mueller Aff. ¶ 26.)

Nonetheless, at his deposition, plaintiff testified that he received a response to his grievance and pursued an appeal while he was incarcerated at Cook County Jail. (*See* Defs.' Ex. A, Pl.'s Dep. at 174-81.) Plaintiff stated that his caseworker handed him the Jail's response, whereupon he immediately signed the document, explained why he was appealing, and gave the form back to the caseworker. (*Id.* at 178-79.) Plaintiff also said that he received the response a second time through the mail after he was transferred to state custody. (*Id.* at 179.)

Plaintiff's testimony cannot be true, however, because the response he allegedly received while in Cook County Jail was dated October 20, 2011, three days *after* plaintiff was transferred to IDOC custody. Thus, plaintiff's Cook County caseworker could not have hand-delivered the response to him at Cook County Jail.

Defendants pointed out the impossibility of this scenario in their motion for summary judgment. In response, plaintiff provided an entirely different account. He now maintains that, while

7

in IDOC custody, he mailed the appeal of his grievance to the Cook County Department of Corrections, but never received a response. Plaintiff's new assertions are problematic in several respects. First, as discussed in preceding paragraphs, he failed to respond to defendants' statement of undisputed facts, and thus is deemed to have admitted that he did not appeal the grievance. Second, plaintiff's assertion that "unintentionally" and "mistakenly" testified that he gave the appeal form to his Cook County caseworker is contained in a supplemental response to defendants' summary judgment motion that plaintiff did not have permission to file. (*See* Minter Affs.) Most importantly, however, plaintiff cannot create an issue of fact by contradicting his sworn deposition testimony "without giving a credible explanation for the discrepanc[y]." *Abraham v. Wash. Grp. Int'l Inc.,* 766 F.3d 735, 741 (7th Cir. 2014) (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999); *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 759 (7th Cir. 2006)). Plaintiff has provided no such explanation. Nor could he. During his deposition, he specifically recalled the nature of the grievance, his receipt of the response, the manner in which he appealed, and the fact that he purportedly received the same response to his grievance a second time shortly after he was transferred to state custody. Only when confronted with the impossibility of that sequence of events did he put forth an entirely different and inconsistent version of what transpired.[4]

Based on the above considerations, the Court concludes that there is no genuine issue as to any material fact with respect to exhaustion of administrative remedies. The Court further finds that the amended complaint must be dismissed as a matter of law. Plaintiff could not have finalized the

---

[4]Plaintiff supports his new position with a copy of a grievance that is identical to the one he submitted with his complaint, down to the stray marks, but now has the appeal section filled in, and a cover letter that he says accompanied the appeal. However, during his deposition, plaintiff expressly denied that he had any such documentation. (*See* Pl.'s Dep. at pp. 178-80.)

administrative exhaustion process as he indicated in his sworn deposition testimony, and the Court will not consider his new and suspect account of pursuing the appeal process.

Because plaintiff failed to exhaust administrative remedies prior to filing suit, the Court cannot consider the merits of his claims. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999); *Martin v. Dart*, No. 10 C 5920, 2012 WL 2046511, at *2 (N.D. Ill. June 4, 2012) (Zagel, J.). Normally, dismissals for failure to exhaust are without prejudice and do not bar refiling of suit unless it is too late to exhaust. *Phillips v. Walker*, 443 Fed. App'x 213, 215, 2011 WL 5289460, at *2 (7th Cir. 2011) (citing *Ford*, 362 F.3d at 401; *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)). But dismissal in this case is with prejudice in light of plaintiff's fraud on the Court. *See Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) ("fraud" on the court must "lead to immediate termination of the suit").

If plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If the plaintiff does choose to appeal, he must pay the full $505.00 appellate filing fee, as the Court declines to grant leave to appeal *in forma pauperis* because an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) ("Plaintiffs who attempt to deceive federal judges . . . cannot expect favorable treatment . . . .").

## CONCLUSION

For all of the foregoing reasons, defendants' motion for summary judgment [59] is granted. The amended complaint is dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies prior to filing suit, as well as for fraud on the court. The case is terminated.

9

**SO ORDERED.**                    **ENTERED:   February 12, 2015**

                                                                        _____
                                                                        **HON. JORGE ALONSO**
                                                                        **United States District Judge**